16-3440 (L)
Rivera Moncada v. Sessions

BIA
Montante, IJ
A205 152 850

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand eighteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> ROSEMARY S. POOLER,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

_____

EIDER FREDY RIVERA MONCADA, AKA
LEONARDO TEJUCA, AKA ELDER FREDY
RIVERA MONCADA, AKA EIDER FREDDY
RIVERA MONCADA, AKA ELDER FREDDY
RIVERA MONCADA,
> *Petitioner,*

> v.

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

16-3440(L);
17-1505(Con)
NAC

_____

FOR PETITIONER: Lisa D. Mendel, Laura M. Conley, Meyers & Meyers, LLP, Albany, NY.

FOR RESPONDENT: Chad A. Readler, Principal Deputy Assistant Attorney General; Anthony P. Nicastro, Assistant Director; Linda Y. Cheng, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

FOR AMICUS CURIAE: John E. Willshire, Nancy Kelly, Harvard Immigration & Refugee Clinic of Greater Boston Legal Services, Boston, MA.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the motion for leave to file an amicus curiae brief and the petitions for review are GRANTED, the BIA's orders are VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

Petitioner Eider Fredy Rivera Moncada, a native and citizen of Colombia, seeks review of a September 12, 2016 decision of the BIA affirming a December 8, 2014 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), *In re Eider Fredy*

*Rivera Moncada*, No. A205 152 850 (B.I.A. Sept. 12, 2016), *aff'g* No. A205 152 850 (Immig. Ct. Buffalo Dec. 8, 2014), and an April 13, 2017 decision of the BIA denying his motion to reopen his removal proceedings, *In re Eider Fredy Rivera Moncada,* No. A205 152 850 (B.I.A. Apr. 13, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, "we review the IJ's and the BIA's decisions together." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An individual like Rivera Moncada may establish asylum eligibility by demonstrating a well-founded fear of persecution, which is a "subjective fear that is objectively reasonable." *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 284 (2d Cir. 2009) (internal quotation marks omitted); *see* 8 U.S.C. § 1101(a)(42); 8 C.F.R. § 1208.13(b)(2); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("For an asylum claim, the applicant must

3

show a reasonable possibility of future persecution." (internal quotation marks omitted)).

Here, Rivera Moncada claimed eligibility for asylum based on a fear of future persecution by Los Cartagena, a Colombian drug cartel. Although Rivera Moncada's brother was shot by the gang and the family received numerous threatening phone calls and was subjected to other harassing behavior, the IJ concluded that Rivera Moncada's fear was not objectively reasonable. In support of this conclusion, the IJ observed that Rivera Moncada had not received any threats since coming to the United States in 2011 and his similarly-situated family members have remained in Colombia unharmed. Having found that Rivera Moncada failed to meet his burden for asylum, the IJ concluded that he necessarily failed to meet the higher burdens for withholding of removal and CAT relief. *See Y.C.*, 741 F.3d at 335. The BIA affirmed, relying on the same grounds identified by the IJ.

Rivera Moncada subsequently filed a motion for the BIA to reopen his case, citing ineffective assistance of counsel. The BIA denied the motion, concluding that Rivera Moncada had failed to establish his prima facie eligibility

for asylum. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). This conclusion relied on the same two premises that underpinned the BIA's earlier disposition—the absence of new threats since Rivera Moncada moved to the United States and the fact that his family in Colombia remained unharmed. We review the denial of a motion to reopen for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

We are dubious of the IJ and the BIA's analysis for multiple reasons, most notably because neither the IJ nor the BIA identified any authority requiring petitioners to adduce evidence that threats continued after they relocated to the United States, and this Court has previously made clear that physical harm to a petitioner or his family is not a requirement for claims based on fear of future persecution, *see Sotelo-Aquije v. Slattery*, 17 F.3d 33, 37 (2d Cir. 1994).

More significantly, the IJ and the BIA both relied on case law that appears to have been superseded by the Attorney General's decision in *Matter of A-B-*, which offers substantial new guidance on the viability of asylum "claims by aliens pertaining to . . . gang violence." 27 I&N Dec.

5

316, 320 (A.G. 2018) (interim decision). In particular, the decision addresses the circumstances in which gang violence qualifies as persecution. *Id.* at 337 (explaining that "persecution involves an intent to target a belief or characteristic" and stating that "private criminals are motivated more often by greed or vendettas than by an intent to overcome the protected characteristic of the victim" (internal quotation marks and brackets omitted)).

This Court, like the BIA, applies the law as it exists at the time of decision. *See Parker v. Time Warner Entm't Co.,* 331 F.3d 13, 20 (2d Cir. 2003). And, where, as here, intervening immigration decisions from the executive branch alter the applicable legal standards, we have previously exercised our discretion to remand the matter to the BIA to apply the new standards in the first instance. *See Biao Yang v. Gonzales*, 496 F.3d 268, 278 (2d Cir. 2007) (concluding that an intervening BIA decision articulated a new standard for finding an asylum petition frivolous and "the most prudent course of action is to remand these cases for the BIA"). Recognizing the wisdom of this practice, we take the same tack here and remand this case "for the BIA

to interpret and apply the standards it set forth in [*Matter of A-B-*] in the first instance." *Id.*

For the foregoing reasons, the motion to file an amicus brief and the petitions for review are GRANTED, the BIA's orders are VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this opinion.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7